FILED
CLERK, U.S. DISTRICT COURT

JUL - 8 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD WALTER OSSENBERG, | ) NO. SA CV 10-957-DOC(E) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND ORDER DISMISSING |
| DEAN HUNTER, et al., | ) COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | ) |

For the reasons discussed below, the Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

On July 2, 2010, Plaintiff, proceeding pro se, filed a form civil rights Complaint pursuant to 42 U.S.C. section 1983 and a "Motion for Leave to Amend Complaint and Award Companson [sic] or Jury Decision" ("Motion"). Despite its title, the Motion does not appear to seek leave to file an amended pleading, but rather appears to be a memorandum supporting the Complaint, accompanied by exhibits. Hence,

the Court construes the form Complaint and the Motion together to constitute Plaintiff's Complaint. Defendants are: (1) parole agents Dean Hunter and Chris Hernandez; (2) parole unit supervisor Cheryl Atterbury-Brooks; (3) parole administrators Fred Villareal and Richard Jallins; (4) parole hearing officer Margery Melvin; (5) the Warden of the California Institution for Men, Aref Fakhoury; (6) "assistant unit supervisor" Mr. Le; (7) Region IV Headquarters Appeals Coordinator P. Balderas; and (8) "unidentified CIM Case Records Staff."[1] Plaintiff sues all Defendants in their individual and official capacities.

The Complaint is somewhat confusing because Plaintiff sometimes interrupts his factual allegations with legal argument and citations, but it appears Plaintiff is alleging the following:

Plaintiff was paroled on or about September 7, 2006, subject to special conditions of parole ("Motion" in support of Complaint, p. 2). Defendant Hernandez allegedly added two additional parole conditions which assertedly were not approved by the Unit Supervisor (id.). One of these conditions allegedly provided that Plaintiff could not "have access to a post office box, storage facility or locker," based on Plaintiff's alleged history of predatory sexual behavior (id., ninth

---

[1] The body and prayer of the Complaint also mention Appeals Coordinator S. Carrey, but Plaintiff does not name S. Carrey as a Defendant in the caption or in the portion of the form Complaint in which Defendants are identified.

exhibit).² The other additional condition allegedly provided that Plaintiff could not possess "sexually explicit pictures, magazines, videotapes or movies" (id.).

On February 9, 2009, Defendants Hunter and Hernandez allegedly arrested Plaintiff for having been present the previous day at a storage facility with his father (id., p. 2; first exhibit). Plaintiff alleges he did not have an access code or a key to the storage unit (id., p. 2). A subsequent search of Plaintiff's residence allegedly revealed an R-rated movie (id.; first exhibit). Plaintiff allegedly was charged with violating the two parole conditions described above. On March 2, 2009, Plaintiff appeared before a Board of Parole Hearings hearing officer for a probable cause hearing (id., p. 7). The hearing officer dismissed the charges (id., first exhibit). The hearing officer allegedly ruled that there was insufficient evidence that the condition forbidding access to a storage facility was related to criminal behavior. The hearing officer allegedly indicated that, although Plaintiff was required to register as a sex offender, there had been no explanation of any nexus to criminal behavior. The hearing officer also dismissed the charge of possession of sexually explicit material, reportedly noting that the charge was "based on an R rated John Travolta movie" (id.).

The next day, March 3, 2009, Defendants Hunter and Jallins allegedly resubmitted the same charges (id., p. 7). Defendant Hunter

---

² Plaintiff allegedly has a prior misdemeanor conviction for indecent exposure which assertedly triggered the sex offender registration requirement.

3

1. allegedly improperly retained Plaintiff on a parole hold (id., p. 14).
2. On March 20, 2009, Plaintiff allegedly appeared at a probable cause
3. hearing on the charge of possession of sexually explicit material
4. (id.). Defendant Melvin allegedly found probable cause to believe
5. Plaintiff had violated parole and offered Plaintiff a plea bargain
6. whereby Plaintiff would waive his right to a revocation hearing and
7. serve three months, amounting to 45 days (id., pp. 8-9). Plaintiff
8. allegedly accepted the bargain under duress (id.). Plaintiff alleges
9. that the 45-day period should have expired on March 26, 2009, but
10. Plaintiff assertedly was not released until April 19, 2009 (id.).
11. Plaintiff alleges that various Defendants subsequently ignored
12. Plaintiff's grievances (id., pp. 32-36).

14. Although Plaintiff's claims are unclear, it appears Plaintiff
15. alleges the following claims against some or all of the Defendants:
16. (1) false arrest; (2) malicious prosecution based on allegedly false
17. charges; (3) conspiracy to hold Plaintiff in prison on dismissed
18. charges; (4) gross negligence; (5) interference with Plaintiff's
19. grievances; and (6) intentional infliction of emotional distress.
20. Plaintiff seeks damages in the sum of $7 million.

**DISCUSSION**

24. Plaintiff may not sue a prison warden, a parole official or
25. agent, or any state official, for damages in his or her official
26. capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71
27. (1989) (state officials acting in their official capacities are not
28. "persons" subject to suit under section 1983); Romano v. Bible, 169

F.3d 1182, 1185 (9th Cir. 1999), cert. denied, 528 U.S. 816 (1999) (Eleventh Amendment prohibits damages action against state official in his official capacity); Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988) ("[t]he eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages").

Plaintiff may not sue a Board of Prison Terms hearing officer for actions taken in his or her adjudicatory role, including decisions concerning a parole revocation. See Swift v. State of California, 384 F.3d 1184, 1189-91 (9th Cir. 2004).

The Complaint does not identify clearly Plaintiff's claims or which Defendants are sued on which claims. Plaintiff does not allege clearly what each Defendant allegedly did or did not do to harm Plaintiff, although certain exhibits attached to the Motion mention various Defendants. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).[3] The reader should not be required to comb through the exhibits attached to a pleading to determine the basis for the claims against each named defendant.

---

[3] Plaintiff may sue "Unidentified CIM Case Records Staff" as fictitious Defendants. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). However, before the Court can order service of process by the United States Marshal upon any fictitious Defendant, Plaintiff must provide identifying information sufficient to permit the United States Marshal to effect service of process upon that Defendant.

5

It appears that Plaintiff may sue some supervisor Defendants on a theory of respondeat superior. Plaintiff may not sue supervisory state officials pursuant to 42 U.S.C. section 1983 on a theory of respondeat superior. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior"); Polk County v. Dodson, 454 U.S. 312, 325 (1981) (same; section 1983 case). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 129 S. Ct. 1948; see also Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."). A supervisor "is only liable for his or her own misconduct," and is not "accountable for the misdeeds of [his or her] agents." Ashcroft v. Iqbal, 129 S. Ct. at 1948-49. Mere knowledge of a subordinate's alleged misconduct is insufficient. Id. at 1949.

///
///
///
///

**ORDER**

The Complaint is dismissed with leave to amend.  If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint.  The First Amended Complaint shall be complete in itself.  It shall not refer in any manner to any prior complaint.  The First Amended Complaint shall contain a "short and plain" statement of the facts supporting Plaintiff's claims for relief, and shall not include legal argument.  Plaintiff shall not attempt to add additional parties without leave of Court.  See Fed. R. Civ. P. 21.  Failure to file timely a First Amended Complaint in conformity with this Memorandum and Order may result in the dismissal of this action.  See Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 128 S. Ct. 464 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of

///
///
///
///
///
///
///
///

the substantive problems with his claims); <u>Plumeau v. School District #40, County of Yamhill</u>, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: _____July 8_____, 2010.

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

PRESENTED this 7th day of July, 2010, by

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE